IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DANIEL BAITY,**
    **Petitioner,**

v.                                                       **Civil Action No. 2:15 cv16**

**CHARLES WILLIAMS, Warden[1],**
    **Respondent.**

## REPORT AND RECOMMENDATION

This case is before the undersigned for consideration of *pro se* petitioner Daniel Baity's ("Petitioner") Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (Docket No. 1). Also before this Court is the Respondent's Motion to Dismiss, Motion for Summary Judgment, and Response to Order to Show Cause. (Docket No. 14).

### I. Procedural History

On February 25, 2015, Petitioner filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, a Motion/Application and Affidavit to Proceed Without Prepayment of Fees, and a Prisoner Trust Account Report. (Docket Nos. 1-3). On that same date, a Notice of General Guidelines for Appearing Pro Se in Federal Court, and a Notice of Deficient Pleading regarding the Prisoner Trust Account Report was entered. (Docket Nos. 4, 5). On March 9, 2015, a final Prisoner Trust Fund Account Statement was entered. An Order by the undersigned on March 10, 2015 granted *in forma pauperis* but required Petitioner to pay the $5.00 filing fee within twenty-one (21) days of entry of the Order. Petitioner paid the filing fee on March 16, 2015. (Docket No. 11). On April 7, 2015, the

---

[1] Although Russell A. Perdue is listed on the docket sheet as the Warden of FCI Gilmer, Charles Williams is now the Warden. (Docket No. 15-1 at 1.) Accordingly, the undersigned has substituted Warden Williams as the proper respondent in this action. See 28 U.S.C. § 2241; Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004) (designating the petitioner's immediate custodian as the only proper respondent for a § 2241 petition); Fed. R. Civ. P. 25(d).

undersigned ordered Respondent to show cause as to why the writ should not be granted. (Docket No. 12).

Respondent responded with a "Motion to Dismiss or for Summary Judgment and Response to Order to Show Cause" with supporting memorandum on April 28, 2015. (Docket Nos. 14, 15). A Roseboro Notice was issued on April 30, 2015 to the Petitioner by the undersigned pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), instructing Petitioner of his rights to file a response to Respondent's motion. (Docket No. 16).

## II. Facts

On March 4, 2014, an incident report was issued regarding use of the inmate computer system on February 10, 2015 in the Vocational Training department at the Federal Correctional Institution in Gilmer, West Virginia. (Docket No. 15 at 1, 3). An investigation found that Petitioner demonstrated advanced computer skills and had accessed blocked or hidden areas of the computer system. (Docket No. 15 at 3, 4). The investigation further found Petitioner used his advanced computer capabilities to bypass security measures and access inmate and staff directories. (Docket No. 15 at 4). Then Petitioner shared the files electronically with other inmates. Id. Petitioner was charged with violating Prohibited Act Code 319, Use of Any Equipment or Machinery Contrary to Instructions or Posted Safety Standards. Id.

Petitioner received a copy of the Incident Report and was advised of his rights on March 5, 2015. Id. On March 8, 2015, a Unit Discipline Committee ("UDC") found that Petitioner had committed the prohibited act. Id. Petitioner was sanctioned to sixty (60) days loss of visitation privileges. (Docket No. 15 at 5).

Petitioner appealed the disciplinary action thereby exhausting his administrative remedies with

the Bureau of Prisons ("BOP"). Id.

### III. The Pleadings

**A.     Petitioner's § 2241 Petition**

Petitioner asserts:

(1)     The BOP has violated his rights. (Docket No. 1 at 13).
(2)     The BOP did not serve him with a copy of the Incident Report in the specified time frame. (Docket No.1 at 15 ).
(3)     The UDC team failed to investigate the evidence. Id.
(4)     The UDC incorrectly wrote the incident report and failed to dismiss it. Id.

Petitioner requests that the Court rule that the BOP has violated his rights, order the BOP to vacate their findings, and restore him of his computer privileges.

**B.     Respondent's Motion to Dismiss or for Summary Judgment**

Respondent asserts that Petitioner's § 2241 petition should be denied because:

(1)     Petitioner has no liberty interest in computer privileges or education classes. (Docket No. 14 at 10).
(2)     UDC Findings are sufficient to support charge against the Petitioner pursuant to Superintendent, Mass. Corr. Inst. V. Hill, 472 U.S. 445, 454 (1985). (Docket No. 14 at 6).
(3)     Petitioner received a copy of the incident report in a timely manner. (Docket No. 14 at 8).
(4)     Petitioner received the rights afforded to him pursuant to Wolff v. McDonnell, 418 U.S. 539 (1974). (Docket No. 14 at 5).

### IV. Standard of Review

**A.     Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1999)). In considering a motion to

3

dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable," Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has

acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B.     Motion for Summary Judgment**

The Supreme Court has recognized the appropriateness of summary judgment motions pursuant to Rule 56 of the Federal Rules of Civil Procedure in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 (1977). Additionally, See also Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991).

Motions for summary judgment impose a difficult standard on the moving party, as it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. FDIC, 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-52 (1986). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson, 477 U.S. at 248-49.

### V. Analysis

**A.     Procedural Due Process**

Pursuant to 18 U.S.C. § 4042(a)(3), the BOP shall provide for the protection, instruction, and discipline of all persons charged with or convicted of offences against the United States. Consequently,

the BOP has constructed separate rules to allow disciplinary action in order to maintain a safe living environment for the inmates. See 28 C.F.R. § 541.10. However, these disciplinary proceedings directed by the BOP are not part of a criminal prosecution, thus the same rights in a criminal proceeding do not apply. See Wolff v. McDonnell, 418 U.S. 539, 556 (1975).

A prisoner is entitled to some due process protections, but not all. Id. Due process protections that a prisoner is entitled to include: (1) a written notice of the charges at least twenty-four (24) hours before a hearing to enable the inmate to prepare a defense, (2) ability to call witnesses and present documentary evidence if doing so is not an undue hazard to institutional safety, (3) disclosure of evidence against the inmate, (4) a neutral and detached hearing body, and (5) a written statement by fact finders as to the evidence relied on and reasons for the disciplinary action. Wolff 418 U.S. at 559-66; Segarra v. McDade, 706 F.2d 1301, 1304 (4th Cir. 1983).

In accordance to 28 § C.F.R 541.15, a UDC hearing must adhere to minimum procedural standards in the initial hearing. Staff must give each inmate a written copy of the charges against him or her ordinarily within twenty-four (24) hours from the time he or she became aware of the incident. 28 § C.F.R 541.15(a). Additionally, an inmate is entitled to make a statement and present documentary evidence on the inmate's own behalf. 28 § C.F.R 541.15(d). Pursuant to 28 § C.F.R 541.15(h), serious violations, not minor sanctions, are referred to the Discipline Hearing Officer ("DHO").

The evidentiary standard in a disciplinary decision is where there is "some evidence" to support the disciplinary decision of the BOP by the fact finder. Superintendent, Mass. Corr. Institution v. Hill, 472 U.S. 445, 117 S.Ct. 1584 (1985). However, no specific protection applies to UDC hearings where the loss of only minor privileges is at issue. See Wolff at 572, n.19.

Here, Petitioner asserts that he was not served with a copy of the incident report in the time

6

specified by policy and that the UDC failed to investigate the evidence.[2] Although the incident occurred on February 10, 2014, actual investigation of the incident was completed on March 4, 2015. (Docket No. 15-2 at 1). Petitioner received a copy of the report one day later on March 5, 2015. Id. Consequently, Petitioner was served with a copy of the incident report within twenty-four (24) hours pursuant to 28 § C.F.R 541.15(a).

Petitioner also asserts that the UDC failed to investigate the evidence. (Docket No. 15 at 7). Respondent states that "in essence [Petitioner] denied committing the prohibited act." Id. However, the UDC "considered Petitioner's statement, the description of the incident contained in Section 11 of the incident report, a memorandum from T. Miller, Computer Services Manager at FCI Gilmer, a separate two page document containing the warning which appears to inmates when using inmate computers and a printout of computer folders and paths" when finding Petitioner had violated the prohibited act. (Docket No. 15 at 8). Therefore, the UDC meets the "some evidence" standard set by Hill.

Additionally, Petitioner chose not to call any witnesses or provide any documentary evidence at the UDC hearing. (Docket No. 15 at 6; Docket No. 15-2 at 1). The Incident Report that Petitioner received on March 5, 2014 contained a written explanation of the evidence that the UDC relied on in its reasoning for the disciplinary action. (Docket No. 15 at 6). Also present in the report is evidence that Petitioner had a neutral and detached hearing provided by the UDC. (Docket No. 15 at 6; Docket No. 15-2 at 1). Consequently, Petitioner has adequately received all procedural due process

---

[2] Petitioner has simply misunderstood the dates on the Incident Report, believing that the date of the Incident Report (March 4, 2014) and the date of the incident under investigation (February 10, 2014) are the same. He claims, "the short cut was discovered on 2/11/14" in one attachment, and later states he was "house in Special Housing Unit for the alleged violation on 2-14-14." (Docket No. 1-1 at 1).

7

requirements under Wolff and his disciplinary actions are supported by the standard in Hill.

**B.     Substantive Due Process**

Liberty interests protected by due process are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force." Sandin v. Connor, 515 U.S. 472, 484 (1996). A liberty interest may be implicated by construing a valid definition of "liberty" from the Constitution. Vitek v. Jones, 445 U.S. 480, 493-494, 63 (1980). However, it has been found that, "in order to prevail on either a procedural or substantive due process claim, [i]nmates must first demonstrate that they were deprived of 'life, liberty, or property' by governmental action." Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997).

In this action, Petitioner fails to claim that the loss of sixty (60) days of visitation privileges constitutes a denial of his liberty interests. Instead, Petitioner asserts "the BOP violated [his] rights" and seeks the undersigned to "order [the BOP] to vacate their findings and restore [his] computer privileges."[3] Prisoners do not have viable liberty interests in computer privileges pursuant to Sandin and Beverati. See Solan v. Zickefoose, No. 13-1860, 530 F. App'x. 109 (3d Cir. 2013) (finding that a prisoner's due process rights were not violated even though he was barred e-mail access). Furthermore, "prisoners... have no federally cognizable liberty interest in participating in vocational. . . programs while incarcerated." See Hines v. Ford, No.1:10CV846, 2010 WL 3069559, at *2 (N.D. Ohio 2010). Additionally, even if Petitioner had claimed he had a right to the sixty (60) days of visitation privileges, visitation days are not a liberty interest. See Kentucky Dep't of Corrections v. Thompson, 490 U.S 454, 461 (1989) (finding no right to visitation guaranteed by the Due Process

---

[3] Although Petitioner is seeking computer privileges, those privileges were not the disciplinary action decided at the UDC hearing which applies to this action.

8

Clause).See also White v. Keller, 438 F. Supp. 110, 113 (D. Md. 1977), aff'd 588 F.2d 913 (4th Cir. 1978) (finding no affirmative constitutional right to visitation). Therefore, Petitioner fails to prove deprivation of "life, liberty, or property by governmental action." Beverati, 120 F3d at 502.

## VI. Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** that Respondent's "Motion to Dismiss or for Summary Judgment" (Docket No. 14) be **GRANTED**, and that Petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket No. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to counsel of record and to mail a copy to the *pro se* Plaintiff by certified mail, return receipt requested.

DATED: May 29 , 2015

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE