# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**DANIEL BAITY,**

    Petitioner,

v.

                          **CIVIL ACTION NO. 2:15-CV-16**
                          **(BAILEY)**

**CHARLES WILLIAMS, Warden[1],**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge John S. Kaull [Doc. 18]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Kaull for submission of a proposed report and a recommendation ("R & R"), which was filed on May 29, 2015. The R & R recommends this Court dismiss, with prejudice, the petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1], and grant the Respondent's Motion to Dismiss or for Summary Judgment. [Doc. 14].

Pursuant to 28 U.S.C. § 636 (b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140,

---

[1] The Report and Recommendation substituted Russell A. Perdue, who was the respondent listed on the docket sheet, with Charles Williams, because Warden Williams is now the petitioner's immediate custodian at FCI Gilmer. *See* 28 U.S.C. § 2241; ***Rumsfeld v. Padilla***, 542 U.S. 426, 434–35 (2004).

150 (1985). In addition, failure to timely file objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); see **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to the R & R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The docket reflects that service was accepted on June 3, 2015. [Doc. 19]. No objections have been filed. Accordingly, this Court will review the R & R for clear error.

The petition arises out of prison disciplinary proceeding, which found that the petitioner used his advanced computer skills to bypass security measures on the computers provided to the inmates. The petitioner accessed inmate and staff directories, and he shared this information with other inmates. After an investigation, the petitioner was charged and found guilty of violating Prohibited Act Code 319, Use of Any Equipment or Machinery Contrary to Instructions or Posted Standards. As a result of this violation, the petitioner was sanctioned to sixty (60) days of lost visitation privileges.

The petitioner makes several arguments, including 1) that the Bureau of Prisons ("BOP") violated his rights, 2) the BOP did not serve him with a copy of the incident report in the required time period, 3) the Unit Discipline Committee ("UDC") failed to investigate the evidence, and (4) the UDC incorrectly wrote the incident report and failed to dismiss it.

As discussed by the R & R, the petitioner's procedural due process argument fails. The BOP provided all the necessary procedural safeguards: the BOP gave petitioner a written copy of the charges within twenty-four (24) hours of completing its investigation, and

the record reveals that a hearing was held, which provided the petitioner with an opportunity to present evidence. See **Wolff v. McDonnell**, 418 U.S. 539, 557 (1975).

Likewise, petitioner's substantive due process argument fails because a prisoner does not have a liberty interest in either computer privileges or visitation days. See **Solan v. Zickefoose**, No. 13-1860, 530 F. App'x. 109 (3d Cir. 2013); **Kentucky Dep't of Corrections v. Thompson**, 490 U.S. 454, 461 (1989).

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 18]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. This Court **ORDERS** that the plaintiff's Petition for Writ of Habeas Corpus **[Doc. 1]** be **DISMISSED WITH PREJUDICE**, and the Respondent's Motion to Dismiss and for Summary Judgment **[Doc. 14]** be **GRANTED**. This Court further **DIRECTS** the Clerk to **STRIKE** this case from the active docket of this Court and enter judgment in this matter.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record and to mail a copy to the *pro se* petitioner.

DATED: June **29**, 2015.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE

3